# CIRCUIT COURT NO. 2 OF BALTIMORE CITY

Filed June 23, 1893.

## LAURA V. DORR

### VS.

## ROBERT C. DORR.

*John J. & W. A. Wade* for plaintiff.

*Edward C. Eichelberger* for defendant.

WICKES, J.—

It is conceded that the grantees under the deed of Wade and Mateling, trustees, of whom Edward F. Dorr, the testator, was one, held as joint tenants.

It is also conceded that the estate of joint tenancy and its peculiar properties are fully recognized in this State, when created by apt words, and that in the absence of legislative authority to devise the share by will, and thus defeat the incident of survivorship which attaches to the estate, that the share of a joint tenant dying with or without a will, would pass to his survivors and not to his heirs at law or devisee. So that the only inquiry presented in this case, is whether under our law, a joint tenant can defeat the interest of the survivors by devising his share by will. The sections of the Code relied upon are as follows: Section 307 of Article 3, provides that "all lands, tenements and hereditaments which might pass by deed, *and*

which would, in the case of the proprietor dying intestate descend to or devolve on his or her heirs or other representative * * * shall be subject to be disposed of, transferred and passed by his or her last will or codicil, &c." Section 321 of the same article provides that, "every last will and testament executed in due form of law after the 1st day of June, 1850, shall pass all the real estate which the testator had at the time of his death."

In the Code of 1860, the section corresponding to Section 307, above referred to, contained the word "*or*" instead of "and," so that the section read "might pass by deed *or* which would, &c.," and so in the revised Code of 1878. But by the Act of 1888, Sec. 293, "or" is omitted and the phraseology so altered that whatever doubt may have arisen under the original act, must now be set at rest.

Conceding then, as is unquestionably true, that a joint tenant may convey his interest by a deed *inter vivos*, his will, under the section of the Code as I understand it, could only operate to transfer or dispose of such interest as would pass by deed, *and* if he died intestate, descend to his heirs. Confessedly the share of a joint tenant will not so descend, and hence is not the subject of devise.

The second section (321) relied upon is even less in point. Prior to the Act of 1849, real estate acquired by a testator after the execution of his will did not pass by it, but descended to the heirs-at-law. The intention of the legislature as shown by the act itself, and by the construction placed upon it by the Court of Appeals, was to remedy this and nothing more, and can have no application to the question presented in this case.

4 Md. 347; 6 Md. 488; 33 Md. 515.

The will of Edward F. Dorr was executed in 1891, and is therefore to be governed by the law as it now stands.

I am therefore of opinion that the order of sale prayed for must be refused, as the interest of the testator passes to the survivors.